```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

TERESA ASHLEY,

                            Plaintiff,

vs.                                  Case No.   2:13-cv-353-FtM-29UAM

GENERAL ELECTRIC CAPITAL
CORPORATION,

                            Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Complaint (Doc. #10) filed on July 8, 2013. Plaintiff filed a Response in Opposition (Doc. #16) on July 26, 2013. For the reasons set forth below, the motion is denied.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough

to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**II.**

On May 9, 2013, plaintiff Teresa Ashley (Ashley) filed a two-count Complaint (Doc. #1) against General Electric Capital Corporation (GECC), alleging violations of the Telephone Consumer Protection Act (TCPA) and the Florida Consumer Collection Practices Act (FCCPA). In support, plaintiff alleges the following:

In early June 2012, plaintiff received a telephone call to her cellular phone from defendant. (Id., ¶ 14.) Defendant left a prerecorded voice mail for a person by the name of "Rosa," seeking to collect a debt. (Id., ¶¶ 10, 14, 18.) Plaintiff returned defendant's call the same day, informed defendant that she did not owe them any money, and requested to be taken off their calling list. (Id., ¶ 14.) Despite this request, between June 2012 and September 2012, plaintiff received approximately sixty more prerecorded calls on her cellular telephone from defendant. (Id., ¶ 19.) During this time, plaintiff returned defendant's calls on approximately ten to fifteen different occasions to advise defendant of their mistake. (Id., ¶ 15.)

**III.**

Defendant argues that plaintiff does not have standing to bring an FCCPA claim because plaintiff is not an alleged debtor. Defendant further argues that in the event the Court finds that plaintiff is an alleged debtor and does have standing to bring

-3-

an FCCPA claim, then the plaintiff's TCPA claim must be dismissed. This is because, defendant argues, debt collection calls are exempt from TCPA violations. The Court will address Count II before Count I.

**A. FCCPA**

Count II alleges that defendant violated the FCCPA, Fla. Stat. § 559.55, et seq. The FCCPA was enacted "as a means of regulating the activities of consumer collection agencies within the state." LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010). Fla. Stat. § 559.77(1) provides that "[a] debtor may bring a civil action against a person violating the provisions of § 559.72 in the county in which the alleged violator resides or has his or her principal place of business or in the county where the alleged violation occurred."

Under the Act, "unless the context otherwise indicates," a "debtor" includes an actual debtor as well as "any natural person . . . allegedly obligated to pay any debt." Fla. Stat. § 559.55(2). In determining whether a plaintiff is an alleged debtor, "the question is not whether [the creditor] thought [] the individual, was obligated to pay the debt; rather, it is whether [the creditor] communicated to the called party that she was obligated." Fini v. Dish Network L.L.C., No. 6:12-cv-690-Orl-22TBS, 2013 WL 3815627, at *9 (M.D. Fla. March 6, 2013).

Defendant argues that plaintiff is not an "alleged debtor" under the FCCPA and as a result does not have standing to bring her claim. (Doc. #10, pp. 2, 3.) In support, defendant asserts that plaintiff's allegation that she is an "alleged debtor" is conclusory and is contradicted by the substantive allegations of the Complaint, including that she returned the initial phone call and informed defendant that she did not owe them any money and that defendant was attempting to reach a person by the name of "Rosa." (Id., p. 3.) Plaintiff responds that she has standing and in support cites to Desmond v. Accounts Receivable Mgmt., Inc., 72 So. 3d 179 (Fla. 2d DCA 2011), in which the creditor mistakenly attributed a debt to the called party who had the same first and last name as the actual debtor. The court held that the called party had standing to bring an FCCPA claim because he was alleged by the defendant to owe a debt. Id. at 181. Plaintiff also cites Fini, 2013 WL 3815627, where the debt collector mistakenly attributed a debt to a plaintiff after the actual debtor misrepresented the plaintiff's number as his own. Relying on Desmond, the Fini court held that the plaintiff had standing despite plaintiff's knowledge that the debtor was mistaken, because the creditor communicated to the plaintiff that she was obligated to pay the debt. Id.

Based on the allegations of the Complaint, including allegations that even after plaintiff informed defendant on

multiple occasions that she did not owe defendant any money, she continued to receive calls from defendant, the Court finds that plaintiff has alleged sufficient facts to have standing to bring a claim against defendant under the FCCPA. Therefore, defendant's motion to dismiss Count II will be denied.

**B. TCPA**

Defendant citing to Meadows v. Franklin Collection Serv., Inc., 414 F. App'x 230, 235 (11th Cir. 2011), asserts that the TCPA does not apply to a debt collection call. The exemptions cited in Meadows only apply to calls made to residential telephone lines, and not cellular telephones. Id.; see also 47 C.F.R. § 64.1200. Therefore, defendant's motion to dismiss Count I will also be denied.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Defendant's Motion to Dismiss Complaint (Doc. #10) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this 21st day of.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record